McLEAN v. BULLARD.

(Filed November 18, 1902.)

BOUNDARIES—*Question for Jury—Wills—Ejectment.*

> In ejectment, where land is situated with respect to a dividing line between parties as mentioned in a will, is a question for the jury.

ACTION by Mary B. McLean and others against W. W. Bullard, heard by Judge *Thos. A. McNeill,* at March Term, 1902, of the Superior Court of SCOTLAND County. From a judgment of nonsuit, the plaintiffs appealed.

*John D. Shaw, Jr.,* for the plaintiffs.
*Jas. A. Lockhart,* for the defendant.

MONTGOMERY, J.   The testator, in his last will and testament, devised the whole of his real estate to his two sons, and undertook to make a particular division of it between them. The language of that part of the will is in these words:

"Unto my sons Malcomb and Daniel, I also give and bequeath all the lands which I now possess, to be divided between them in the following manner, to-wit, Malcomb shall have the hundred acres granted to Daniel McCay, lying between the Big Bay and the Little Shoe Heel, also the 50 acres called the Watson tract, together with all the land I own on the east side of the branch rising in the Hoop Pole Branch, except eight acres of the last mentioned land, which I hereby give and bequeath to my said daughter Flora, to be located by the side of said branch.

"My son Daniel shall have my home plantation, together with all the land I own on the west side of the branch, except eight acres, to be located on the said branch, which I give and bequeath to my daughter Isabella."

If the dividing line between the brothers of a certain portion of the testator's land, to-wit, "the branch rising in the Hoop Pole Branch," is to stand, then there will remain a considerable portion of the land devised to Daniel and Malcomb not embraced in the attempted partition in the will, for, according to the evidence of the witnesses and from the map introduced, there is no *branch rising in the Hoop Pole Branch.* There is a body of water, a little north of the center of the Watson tract, called the "Hoop Pole *Pond,*" and there is a branch issuing out of the pond and running southwardly through another tract, called the Williams tract, upon which was the home settlement of the testator.    If it could be held that the testator inadvertently wrote Hoop Pole *Branch* for Hoop Pole *Pond,* we are met with the difficulty that with such a construction the *Pond* would be the source of Hoop Pole Branch, and in that case the land in dispute would lie to the north of the branch, and not to the west of it, or touching it; and therefore it would not have been allotted in the partition attempted under the will to Daniel, but would have remained under the general devise, to be partitioned between the brothers.

The plaintiff represents Malcomb's interest, and she could bring the action to recover the whole of the tract of land, for the benefit of the tenants in common.    There was error in the judgment of nonsuit.

It does not appear that there is much, if any, dispute as to what are the boundaries of the land, the recovery of which is sought in the action; nor was there any trouble in fixing the description to the land itself.    The only question is, where is it situated with respect to the dividing line between the two brothers, as is mentioned in the will? and that matter is for the consideration of the jury under instructions from the Court.

Error.